C/M DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ROYAL FLEMING,

                Plaintiff,

-against-

JOHN DOE; 120 PRECINCT,

                Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
07-CV-5428 (RRM) (LB)

MAUSKOPF, United States District Judge.

Plaintiff Royal Fleming, currently incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and, for the reasons discussed below, directs plaintiff to file an amended complaint within thirty (30) days of the entry of this Order.

I.     Background

Plaintiff initially filed the complaint, dated October 11, 2007, in the United States District Court for the Southern District of New York. On December 21, 2007, the case was transferred to this court. The allegations underlying the complaint arise from an alleged encounter with an unidentified police officer that, according to the complaint, took place on Staten Island on August 15, 2007. Relevant portions of the complaint read as follows:

> On August 15, 2007 at about 7:30-8 a.m. I Royal Fleming was stopped by a N.Y.C police officer for a routine pat frisk which the officer stated as officer was walking away he said out loud to me you are right you are a C.I. we looked in the computer . . .

1

> People who was walking by over heard what was said and looked at me in shock and surprise . . .
>
> I suffered mental anguish, frustration, depression and fear for my life . . .
>
> Due to what was stated by the officer, I refused to comply with program due to fear of my life that resulted into me violated program contract . . .
>
> I want to file a lawsuit against the officer who violated my confidentiality rights and the City of N.Y. for there actions inproper professionalism.

(Compl. at 3-5.)

## II. Standard of Review

Title 28, Section 1915A requires this court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint. . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, for instance, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law. . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Moreover, because plaintiff is proceeding pro se, the court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d

787, 790 (2d Cir. 1994)). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

III. **Discussion**

As an initial matter, plaintiff cannot pursue a claim against the New York City Police Department 120 Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. Police precincts, as agencies of the City of New York, lack independent legal existence and cannot be sued under Section 1983. See Campbell v. New York City Police, No. 05-CV-2858 (FB) (LB), 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under Section 1983).

Moreover, to state a cognizable claim under Section 1983, a plaintiff must allege that he was deprived of his rights secured under the Constitution and laws of the United States by a defendant acting under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Dwares v. City of New York, 985 F.2d 94, 97 (2d Cir. 1993). Here, as presently pleaded, plaintiff fails to allege any deprivation of a constitutional right that would support a claim under 42 U.S.C. § 1983.

3

## IV. Leave to Amend

In light of the foregoing, and in an abundance of caution, the court grants plaintiff thirty (30) days leave to file an amended complaint detailing his claim. Plaintiff must identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant and whether the defendant was a man or a woman, so that each defendant may be identified. Moreover, should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claim(s) against any defendant(s), as well as the relief he is seeking with respect thereto.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint" and must bear the same docket number of this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 10, 2008

s/RRM

ROSLYNN R. MAUSKOPF
United States District Judge

4